UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-03930-JLS(ASx) | Date | July 12, 2016 |
|---|---|---|---|
| Title | NAZIE AZAM v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO VACATE MAY 31, 2016 ORDER OF JUDGE ANDREW GUILFORD DENYING DISQUALIFICATION OF JUDGE STATON; AND FOR OTHER RELIEF (Dkt. 97)

## I. INTRODUCTION & BACKGROUND

On May 22, 2015, the instant action was filed by plaintiff Nazie Azam and assigned to Judge Dale S. Fischer in the Western Division of the Central District of California. Dkts 1, 4. This case arises from plaintiff's 2005 purchase of property in Laguna Niguel, California. Complaint at ¶¶ 2, 8. Plaintiff refinanced her loan on the property in 2006 with Washington Mutual F.A. ("Washington Mutual"), which later failed. Id. at ¶ 12. After the FDIC became the receiver of Washington Mutual, the FDIC transferred Azam's loan to JPMorgan Chase pursuant to a 2008 Purchase and Assumption Agreement. Id. at ¶ 17. Through the instant action, plaintiff seeks, among other things, a declaration that the original deed of trust is void, damages against the FDIC, and cancellation of the original promissory note and deed of trust.

On October 16, 2015, defendant FDIC filed a notice of related case, dkt 15, and the case was transferred to Judge Josephine L. Staton in the Southern Division of the Central District of California. Dkt. 16. On November 1, 2015, plaintiff filed a motion for disqualification of Judge Staton, intercircuit assignment, and other relief. Dkt 22. The motion argued, among other things, that Judge Staton "has a direct financial interest in the matters at issue and the outcome of this case *and* [another case in the Eastern District of California entitled, Law Offices of Nina Ringgold and All Current Clients Thereof v. Jerry Brown, et al., Case No. 12-cv-00717 (E.D. Cal.)]," in which plaintiff Azam is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-03930-JLS(ASx) | Date | July 12, 2016 |
|---|---|---|---|
| Title | NAZIE AZAM v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

member of a putative class. Id. at 12-13. As a former judge of the Orange County Superior Court, Judge Staton allegedly has an interest in the outcome of the ongoing putative class action in the Eastern District, which involves, at least in part, compensation packages received by judges of the Los Angeles and Orange County Superior Courts. Plaintiff's motion for disqualification was assigned to Judge James V. Selna, who denied the motion on November 16, 2015. Dkt 32. Months later, in an order dated April 20, 2016, Judge Staton dismissed plaintiff's claims in this action with prejudice. Dkt. 79.

On May 18, 2016, plaintiff filed a motion again seeking, among other things, disqualification of Judge Staton and requesting intercircuit assignment. Dkt. 83. According to the motion, Judge Staton has "direct general and financial interests in the case and related cases" and should therefore be disqualified. Dkt. 83. The motion further asserted that with the exception of Judge Andrew J. Guilford, "[a]ll of the [federal] judges in the Santa Ana courthouse [of the Central District of California] have general and financial interests requiring disqualification" by virtue of having previously been Superior Court judges. Id. at 5. Plaintiff's motion for disqualification was referred to Judge Selna, who recused himself from ruling on the motion shortly thereafter. Dkts. 91-92. The motion was then referred to Judge Guilford, who denied the motion on May 31, 2016. Dkt. 94.

On June 28, 2016, plaintiff filed the instant motion seeking, among other things, to vacate Judge Guilford's May 31, 2016 motion denying plaintiff's motion to disqualify Judge Staton. Dkt. 97. On June 29, 2016, pursuant to General Order 14-03 and Local Rule 72-5, the instant motion was referred to the undersigned.[1] Dkt. 98.

---

[1] Plaintiff appears to style the instant motion as being asserted pursuant to Federal Rule of Civil Procedure 60(b). Under Rule 60(b), "the court may relieve a party . . . from a final judgment . . . [or] order" based upon, *inter alia*, (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or (4) "any other reason that justifies relief."

Similarly, under Central District Local Civil Rule 7-18, "[a] motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-03930-JLS(ASx) | Date | July 12, 2016 |
|---|---|---|---|
| Title | NAZIE AZAM v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

## II. LEGAL STANDARD

28 U.S.C. § 144 ("Section 144") provides for disqualification of a judge whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Under 28 U.S.C. § 455 ("Section 455"), judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Id. § 455(a).

The substantive standard for disqualification is the same under both Sections 144 and 455: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Moreover, the alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'" United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997) (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events

---

reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." See C.D. Cal. Civ. L.R. 7-18.

Here, the Court does not review Judge Guilford's prior order pursuant to Rule 60(b). To the extent the instant motion seeks to disqualify Judge Guilford from ruling on a motion to disqualify Judge Staton, the Court construes it as such and rules accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-03930-JLS(ASx) | Date | July 12, 2016 |
|---|---|---|---|
| Title | NAZIE AZAM v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

### III. DISCUSSION

In the instant motion, plaintiff contends that

> [t]he judges in the southern division [of the Central District of California] have disqualifying interests because they have a direct financial interest in the case and the pending class action case because they are former judges of the Superior Court of the County of Orange. The only judge that does not have a direct financial interest is Judge Guilford. However, it is plainly apparent that he is openly bias [*sic*] and has used the disqualification question of Judge Staton as a basis to argue about his own disqualification in a different case. The May 31, 2016 orders should be vacated and the case reassigned under 28 U.S.C. Sec 292 (d) as requested by all members of the pending class action.

Motion at 3. Specifically, plaintiff contends that Judge Guilford's May 31, 2016 order "undertook to determine disqualification (1) when he should have disqualified himself, and (2) when he was using extra judicial sources and extraneous information, and (3) when he had already demonstrated bias and prejudice against the plaintiff and counsel." Motion at 2. According to plaintiff, Judge Guilford "clearly demonstrated unreasonable bias and use of matters extrajudicial to both the case and the present motion." Id. at 6.

The Court finds plaintiff's motion to be without merit. Although, in plaintiff's view, Judge Guilford's order "intentionally misrepresents plaintiff's claims" and "is an advocacy document and is not a neutral or even handed discussion of the applicable legal and evidentiary issues," id. at 2, plaintiff's disagreement with the particulars of Judge Guilford's reasoning or his conclusions does not provide grounds for disqualification or a finding of bias. Cf. United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:15-cv-03930-JLS(ASx) | Date | July 12, 2016 |
|---|---|---|---|
| Title | NAZIE AZAM v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

("Adverse rulings do not constitute the requisite bias or prejudice of [28 U.S.C. § 144].") (citing Berger v. United States, 255 U.S. 22, 34 (1921)). Judge Guilford's five-page order aptly addresses the merits of plaintiff's motion and ultimately finds the motion to lack merit.

     Plaintiff further contends that Judge Guilford "used the May 31, 2016 order in the instant case as a platform to complain about a motion to disqualify him in a different case and to address matters that do not concern disqualification of Judge Staton." Motion at 2. Specifically, plaintiff's counsel, Nina Ringgold, asserts that Judge Guilford's "conduct in [a different case in which Nazie Azam is also plaintiff] was outrageous, bias, [*sic*] and prejudicial," and that Judge Guilford "ordered [counsel's] clients to be present in the courtroom so that he could attempt to intimidate them." Ringgold Decl. at ¶ 5. Plaintiff also asserts that Judge Guilford has a "personal bias or prejudice against [her.]" Azam Decl. at ¶ 3. However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; see also Studley, 783 F.2d at 939 (noting that a judge's "prior adverse ruling is not sufficient cause for recusal"). Based upon its review of the various conclusory assertions made by plaintiff's counsel and plaintiff herself in their declarations, the Court cannot conclude that there has been a "display [of] deep-seated favoritism or antagonism" here. Id.

     In addition, although plaintiff asserts that Judge Guilford "rule[d] on matters outside the question of disqualification when he is not the assigned judge" in this case, any such argument fails, as Judge Guilford expressly noted in his order that "[t]o the extent [plaintiff's] Motion raises issues unrelated to the disqualification issue, the Court declines to determine the merits of those issues," dkt. 94, at 5. The Court's ruling here is similarly limited in its scope, and accordingly declines to address any issues raised in the instant motion unrelated to whether Judge Guilford "has a personal bias or prejudice" that would require disqualification from ruling on plaintiff's prior motion to disqualify. 28 U.S.C. § 144; see also 28 U.S.C. § 455(a) (stating that judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03930-JLS(ASx) | Date | July 12, 2016 |
| Title | NAZIE AZAM v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, to the extent to which plaintiff's motion seeks to disqualify Judge Guilford from ruling on a motion to disqualify in this case, plaintiff's motion is hereby **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |